# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

ALLEN NICOLAOU                                                                               PETITIONER

v.                                                   CIVIL NO. 1:17-cv-152-HSO-JCG

STATE OF MISSISSIPPI                                                        RESPONDENT

## ORDER OF TRANSFER
## PURSUANT TO 28 U.S.C § 1631

     This matter comes before the Court, sua sponte, for consideration of the transfer of this case. Petitioner Allen Nicolaou, an inmate of the East Mississippi Correctional Facility, Meridian, Mississippi, brings this pro se Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* Am. Pet. [6] at 1. After reviewing the Amended Petition [6] and Supplemental Brief [9] in conjunction with relevant legal authority, the Court finds that the Amended Petition constitutes an unauthorized successive petition.

     Nicolaou challenges his convictions for two counts of murder, two counts of kidnapping, and one count of armed robbery entered by the Circuit Court of Hancock County, Mississippi, and his resulting sentences of two terms of life imprisonment for the murder convictions, a 40-year sentence for the conviction of armed robbery, to run consecutive with the life sentences, and two terms of 30 years for the two kidnapping convictions, with one term to run consecutive to the armed-robbery charge, and one term to run concurrent to the murder sentences, all in the custody of the Mississippi Department of Corrections. Am. Pet. [6] at 1; *see also*

*Nicolaou v. State*, 215 So. 3d 498, 500 (Miss. Ct. App. 2016). Nicolaou asserts the following grounds for habeas relief:

> GROUND ONE: Denial of due process by denial of competency hearing subsequent to C[ourt]-ordered psy[chological] eval[uation] ([ ] & denial of process, denying confront[ation] of witnesses)[.]
>
> GROUND TWO: Suppression of evidence by denial of requisite competency hearing to examine the evidence; & by denial of rights to present additional witnesses.
>
> GROUND THREE: Ineffective [a]ssistance of [c]ounsel[.]

Am. Pet. [6] at 5, 7, 8.

Nicolaou has previously filed a federal petition for habeas corpus relief challenging the same convictions and sentences. *See* Am. Pet. [6] at 12; *see also Nicolaou v. State*, No. 1:96-cv-150-WJG (S.D. Miss. Mar. 25, 1999). In *Nicolaou*, No. 1:96-cv-150-WJG, the Court entered an Order [15] on March 25, 1999, and entered a Final Judgment [34] on June 2, 2000, which dismissed with prejudice the habeas claim on both procedural and substantive grounds. Nicolaou filed a Notice of Appeal [35] on June 21, 2000, and the Fifth Circuit denied his application for a Certificate of Probable Cause. *See Nicolaou v. State*, No. 00-60439 (5th Cir. Dec. 27, 2000).

A petitioner who files a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). "Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain

a successive § 2254 petition." *Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009).

The Fifth Circuit defines "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id*. at 220 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)) (internal quotations omitted). Nicolaou's claims in this case relate to his mental competency, suppression of evidence, and ineffective assistance of counsel, all of which could have been raised in his earlier federal petition. Therefore, the Court finds the instant Petition to be a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). *See Propes v. District Attorney Office*, 445 F. App'x 766, 767 (5th Cir. 2011) ("The instant § 2254 application alleged defects in Propes's conviction that occurred at trial or before he filed his first federal application . . .; therefore, his current application is successive.").

Nicolaou fails to submit any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit to file this successive Petition.[1] In the interest of justice, pursuant to 28 U.S.C. § 1631, the Court finds that this matter should be transferred to the

---

[1] Because Petitioner has not demonstrated that the Fifth Circuit has authorized him to file this habeas petition, the Court will not address Petitioner's Motions [2, 7, 8] concerning the filing fee for this civil action. In the event the Fifth Circuit authorizes the filing of the instant habeas petition, this Court will then consider the Motions [2, 7, 8].

United States Court of Appeals for the Fifth Circuit for a determination whether this successive or second Petition should be permitted. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Allen Nicolaou's Amended Petition for habeas corpus relief be, and the same hereby is, **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**IT IS, FURTHER, ORDERED** that, the Clerk of Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED AND ADJUDGED,** this the 7th day of July, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE